ATTORNEY FOR APPELLANT
Ann M. Sutton
Marion County Public Defender
Indianapolis, Indiana

Bryan Lee Ciyou
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

FILED
Dec 09 2009, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S02-0904-CR-135

CORNELIUS COOPER,

*Appellant (Respondent below),*

v.

STATE OF INDIANA,

*Appellee (Petitioner below).*

Appeal from the Marion Superior Court, Criminal Division 20, No. 49G20-0201-FA-10652
The Honorable William E. Young, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-0709-CR-780

**December 9, 2009**

**Rucker, Justice.**

The trial court revoked the defendant's probation and the defendant did not appeal. Instead he filed a motion to reconsider, which the trial court denied. The defendant then appealed challenging the propriety of the original order revoking his probation. We conclude that the only matter properly before us is the denial of the defendant's motion to reconsider. And on this issue we affirm the judgment of the trial court.

## Facts and Procedural History

On January 16, 2002, Cornelius Cooper was charged with several drug related offenses. Under terms of an agreement he pleaded guilty to dealing in cocaine as a Class B felony and possession of cocaine and a firearm, a Class C felony. In return, the State dismissed the remaining charges. On February 4, 2004, the trial court sentenced Cooper to an executed term of eight years incarceration with twelve years suspended and two years probation upon release from the Department of Correction. The record is unclear as to when Cooper completed his term. But in any event on April 24, 2007, the State filed a notice of probation violation[1] alleging that Cooper had been arrested and charged with carrying a handgun without a license, as a Class C felony; strangulation, a Class D felony; domestic battery, as a Class D felony; and battery as a Class A misdemeanor. Appellant's App. at 47.[2] All of which grew out of an alleged confrontation between Cooper and his wife occurring on April 14, 2007.

At a probation revocation hearing conducted on May 10, 2007, the deputy prosecutor advised the trial court that the State had offered Cooper a nine year sentence if he admitted violating probation and that in return the State would dismiss the pending charges. Tr. at 3. The trial court ordered a brief recess to allow Cooper an opportunity to confer with his lawyer. When the hearing resumed the record shows that Cooper and his lawyer engaged in an extended dialogue the upshot of which was that Cooper insisted he had not violated the terms of his

[1] As a standard condition of probation Cooper was advised, among other things, "You shall not commit a criminal offense and shall promptly report all arrests to your probation officer." Appellant's App. at 46.

[2] Although the record is not altogether clear, apparently Cooper was eventually charged with strangulation as a Class D felony, see Ind. Code § 35-42-2-9 (West Supp. 2009); domestic battery as a Class D felony, see Ind. Code §35-42-2-1.3; and criminal confinement, as a Class D felony, see Ind. Code §35-42-3-3(a). Tr. at 3. However the confinement charge was not included in the notice of probation violation.

2

probation and that he would not agree to accept nine years incarceration. Tr. at 4-7. The trial court then declared, "Okay well I've reviewed the probable cause affidavit. That I believe that a crime was committed, that we will show that his probation is revoked. That he's got twelve years . . . ." Tr. at 7. No witnesses were called and no evidence was introduced. When Cooper asked "[i]n the event that this case is like I said it was what would it do for my probation sir," the trial court responded, "[t]hen you will probably get back out on probation." Tr. at 8. Cooper did not appeal the trial court's judgment.

Within a few weeks, the State dismissed the charges underlying the probation revocation based in large part on Cooper's wife recanting statements she had allegedly given police. As a consequence on July 30, 2007, all parties appeared in court for a hearing on what was referred to as a motion to "reconsider." Tr. at 13; Appellant's App. at 49-50. Not concluding that day, the matter was continued until August 6, 2007. Both sides introduced evidence. More specifically the defense called four witnesses including Cooper and his wife. The essence of the defense claim was that on April 14, 2007, Wife got into an argument in her home with an unknown woman – identified as Cooper's girlfriend – and as a consequence Wife received some scratches and bruises. By the time Cooper arrived the woman was gone; but Wife and Cooper began to argue and Wife called 911 because she "wanted [Cooper] to leave." Tr. at 57. According to Wife she "started hitting [Cooper]" Tr. at 54, but other than holding her arms to prevent being struck, Cooper did not hit her and did not prevent her from leaving the room. Id. Among other things Cooper testified "I never touched my wife." Tr. at 96.

The State introduced evidence and testimony that on April 14, 2007, officers received a call of a domestic disturbance at a residence later identified as Cooper's home informing them that a "male was beating a female" and that the "male possibly had a shotgun and he was taking it to a friends [sic] house." Tr. at 138. The officers arrived on the scene and spoke to a visibly shaken and crying woman – later identified as Cooper's wife – who informed the officers that she and Cooper had gotten into a physical altercation and that he "pushed her down on the bed started hitting her in her upper chest area and her arm . . . he took one hand and put it on her throat and was, and what she said was choking her." Tr. at 123. The officers observed "redness about her neck and upper chest area and she had some blood spots on her shirt and what

3

appeared to be some type of injury on her hand." Tr. at 121. Photographs of Wife's injuries were introduced into evidence. Ex. at 29, 30. Wife also advised the officers that Cooper "had a shotgun and that when he went and got it she was afraid that he was going to shoot her and her son." Tr. at 123-24. The officers spoke with the son who informed them that he heard his mother and father arguing and that "he saw his dad with a long gun" and that he got it from "[t]he closet." Tr. at 127. The record shows that no shotgun was ever found. However when officers searched the closet they found "it was very dusty back there but there was an area on the floor that appeared to be the impression of the butt of a gun." Tr. at 131. Cooper was subsequently handcuffed and arrested. The State also called as a witness the deputy prosecutor originally assigned to the criminal case. The deputy testified that he had spoken with Wife by telephone and she informed him that certain things did not happen as described in the police report. Tr. at 143. However, Wife did say that at one point "she was held and prevented from leaving the bedroom as they were in an argument . . . ." Tr. at 142.

After listening to the evidence and entertaining arguments of counsel, the trial court declared, "there's not anything there that can convinces [sic] me that [I] should have done anything different then [sic] I did when I did before so your Motion to Reconsider is denied sentence remains the same." Tr. at 165.

Cooper appealed contending: (1) the trial court violated his right to due process by summarily revoking his probation without providing an opportunity to present witnesses, cross examine witnesses, or to be heard, and (2) the subsequent hearing did not cure the violation because the trial court impermissibly shifted the State's burden of proof to Cooper. Acknowledging that Cooper did not timely appeal his probation revocation, a divided panel of the Court of Appeals determined that it had inherent discretionary authority to entertain Cooper's appeal because it qualified as a rare and exceptional case of great public interest. Cooper v. State, 894 N.E.2d 993, 995 (Ind. Ct. App. 2008) (citing Lugar v. State ex rel. Lee, 270 Ind. 45, 383 N.E.2d 287, 289 (1978)). Addressing Cooper's substantive claim the Court of Appeals reversed the judgment of the trial court and remanded this cause for a new probation revocation hearing. Having previously granted transfer, we now affirm the judgment of the trial court.

4

**Discussion**

Probation is a matter of grace and a conditional liberty which is a favor, not a right. Johnson v. State, 659 N.E.2d 194, 198 (Ind. Ct. App. 1995). The trial court determines the conditions of probation and may revoke probation if those conditions are violated. The decision to revoke probation is within the sound discretion of the trial court. Reyes v. State, 868 N.E.2d 438, 440 (Ind. 2007). And its decision is reviewed on appeal for abuse of that discretion. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). Although probationers are not entitled to the full array of constitutional rights afforded defendants at trial, "the Due Process Clause of the Fourteenth Amendment [does] impose [ ] procedural and substantive limits on the revocation of the conditional liberty created by probation." Woods v. State, 892 N.E.2d 637, 640 (Ind. 2008) (quoting Debro v. State, 821 N.E.2d 367, 374 (Ind. 2005) (citing Cox v. State, 706 N.E.2d 547, 549 (Ind. 1999); Black v. Romano, 471 U.S. 606, 610 (1985)). The minimum requirements of due process that inure to a probationer at a revocation hearing include: (a) written notice of the claimed violations of probation; (b) disclosure of the evidence against him; (c) an opportunity to be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses; and (e) a neutral and detached hearing body. Woods, 892 N.E.2d at 640; see also Ind. Code § 35-38-2-3 (requiring that an evidentiary hearing be held on the revocation and providing for confrontation and cross-examination of witnesses by the probationer).

In this case it is abundantly clear that at his probation revocation hearing Cooper was not afforded even a minimal amount of due process. He was not afforded the opportunity to present evidence; no evidence against Cooper was presented and as a consequence he obviously had no opportunity to cross-examine witnesses. Cooper's only opportunity to be heard was to inquire what would happen if "this case is like I said it was what would it do for my probation sir[]" to which the trial court replied "[t]hen you will probably get back out on probation." Tr. at 8. Had Cooper timely challenged on appeal the trial court's decision to revoke his probation, without a doubt the appellate courts would have been compelled to reverse the trial court's judgment and remand this cause with instructions to conduct a revocation hearing consistent with the demands of due process. See Dalton v. State, 560 N.E.2d 558, 560 (Ind. Ct. App. 1990) (failure to hold an evidentiary hearing prior to revoking probation violates "due process rights and constitutes

5

fundamental error."). But Cooper did not timely appeal. Instead he opted to await the development of subsequent events – a determination that he did not assault his wife or otherwise engage in domestic violence – with the expectation that if the facts were as Cooper alleged them to be then he would "probably get back out on probation." Tr. at 8. Cooper's failure to appeal timely the trial court's order revoking probation is fatal to Cooper's claim.

Pursuant to Indiana Code § 35-38-2-3(k), "[a] judgment revoking probation is a final appealable order." A defendant must either file a notice of appeal or a motion to correct error within thirty days after a final appealable order is issued. Ind. Appellate Rule 9(A)(1); Davis v. State, 771 N.E.2d 647, 648-49 (Ind. 2002). Where the notice of appeal is untimely filed, "the right to appeal *shall be forfeited* except as provided by [Post-Conviction Rule] 2." App. R. 9(A)(5) (emphasis added). In this case Cooper concedes that the trial court's order revoking his probation "is a final appealable order" and that "[n]o Notice of Appeal was filed . . . ." Appellant's Br. at 3 n.2. Cooper seems to contend however that his appeal is nonetheless timely because the subsequent evidentiary hearing was merely a continuation of the probation revocation hearing. Id.[3] The record before us does not support Cooper's contention. Rather, the record shows the probation revocation hearing was a discreet event occurring May 10, 2007. At the conclusion of which the trial court revoked Cooper's probation and ordered Cooper to serve the twelve years remaining on his suspended sentence. By failing to file a notice of appeal within thirty days, Cooper forfeited his right to challenge on appeal the trial court's order revoking his probation except as provided by P-C.R. 2.

The Court of Appeals acknowledged that Cooper did not timely appeal his probation revocation. However the majority nonetheless addressed the merits of Cooper's claim on grounds that the court had inherent discretionary power to entertain Cooper's appeal because it qualified as a rare and exceptional case of great public interest. In a concurring opinion Judge Vaidik cautioned against invoking such power. Instead, noting the disagreement among panels of the Court of Appeals on whether probation revocation orders are appealable under Indiana

---

[3] This contention of course is at odds with Cooper's claim that the subsequent hearing did not cure the due process violation because, according to Cooper, the trial court impermissibly shifted the State's burden of proof to him.

6

Post-Conviction Rule 2, Judge Vaidik contended that Cooper's appeal should be decided pursuant to the Rule. See Cooper, 894 N.E.2d at 997 (Vaidik, J., concurring in result).

First, we are of the view that this case is not an appropriate vehicle to resolve the question of whether probation revocation orders are appealable under the Indiana post-conviction rules. P-C.R. 2(1) provides petitioners with a mechanism for seeking permission to file a belated appeal where the failure to file a timely notice was not the petitioner's fault and the petitioner was diligent in requesting permission to file a belated notice of appeal. If the trial court finds that the grounds exist, then it "shall" permit the petitioner to file the belated notice of appeal, but such finding is discretionary. Id. A defendant bears the burden of proving by a preponderance of the evidence that he was both without fault for not timely filing the notice of appeal and that he has been diligent in requesting permission to file a belated notice of appeal. See Atwood v. State, 905 N.E.2d 479, 484 (Ind. Ct. App. 2009). A trial court's ruling on a petition for permission to file a belated notice of appeal under Post-Conviction Rule 2 will be affirmed unless it was based on an error of law or a clearly erroneous factual determination. Moshenek v. State, 868 N.E.2d 419, 423-24 (Ind. 2007). On review we give substantial deference to the trial court's ruling. Id. However, it is axiomatic that any review of the trial court's decision to grant or deny a petition for permission to file a belated notice of appeal is wholly dependent on the defendant actually requesting permission in the first place. Here, Cooper made no such request, apparently of the view that his appeal is in fact timely. In essence Cooper's current appeal has not been pursued under the provision of Post-Conviction Rule 2 – the denial of permission to file a belated notice of appeal. Rather, this is an appeal from the denial of Cooper's post-judgment motion to reconsider. Whether and to what extent a petitioner may appeal the denial of an order revoking probation under the provisions of P-C.R. 2 is not properly before us.

Nor do we agree with our colleagues that this case qualifies as "rare and exceptional" such that the Court should invoke any discretion it may have to entertain the merits of Cooper's probation revocation. To be sure, the trial court violated Cooper's right to due process by revoking his probation without an evidentiary hearing. But his immediate remedy was the timely filing of a motion to correct error and if necessary a timely appeal of the trial court's decision.

7

Neither of which happened here. This leads us to the only issue properly before us, namely: whether the trial court erred in denying Cooper's motion to reconsider.

This Court has long recognized the authority of a trial court to change its own rulings. See Pond v. Pond, 700 N.E.2d 1130, 1135 (Ind. 1998); State ex rel. Rans v. St. Joseph Superior Court, 246 Ind. 74, 201 N.E.2d 778, 779-80 (1964). And "[w]e will review a trial court's reconsideration of its prior rulings for abuse of discretion." Estate of Hammar v. Hammar, 847 N.E.2d 960, 962 (Ind. 2006). An abuse of discretion occurs when it is shown by the record that the defendant was prejudiced by the denial of the motion. Robinett v. State, 563 N.E.2d 97, 99 (Ind. 1990).

At the hearing on the motion to reconsider Cooper showed that the charges underlying the petition to revoke his probation had been dismissed. Cooper also introduced evidence, primarily through his own testimony and the testimony of his wife, that he did not touch his wife in a rude, insolent or angry manner, did not apply pressure to her throat or neck, and did not confine her. See supra n.2. The State acknowledged that it had dismissed the underlying charges against Cooper due primarily to his wife's recantation. But as set forth earlier in this opinion the State introduced evidence demonstrating that Cooper was arrested for, among other things, the offenses of strangulation and domestic battery against his wife; and that there was probable cause to believe Cooper committed the offenses.

The fact that the State dismissed the underlying charges provides Cooper no refuge. Indeed even in instances where a defendant has been acquitted of the charges providing the basis for a probation revocation, a defendant may still be subject to having his probation revoked. See Brown v. State, 458 N.E.2d 245, 249 (Ind. Ct. App. 1983), trans. denied. ("[R]evocation of probation may be based upon evidence of the commission of an offense, even if the probationer has been acquitted of the crime after trial."). The law is well settled that an arrest standing alone will not support the revocation of probation. Hoffa v. State, 267 Ind. 133, 368 N.E.2d 250, 252 (1977). See also Tillberry v. State, 895 N.E.2d 411, 417 (Ind. Ct. App. 2008). However, proof that the defendant engaged in the alleged criminal conduct is sufficient to support revocation of probation. Hoffa, 368 N.E.2d at 252. In addition, if the trial court after a hearing finds that the

arrest was reasonable and there is probable cause to believe the defendant violated a criminal law, revocation will be sustained. Brooks v. State, 692 N.E.2d 951, 953 (Ind. Ct. App. 1998) trans. denied.

In this case Cooper was afforded a full and fair opportunity to persuade the trial court to grant Cooper's motion to reconsider the order revoking probation. There was ample evidence before the trial court that Cooper violated the terms of his probation, thus supporting the trial court's decision to deny the motion to reconsider. And the record before us does not demonstrate that Cooper was prejudiced by the denial.

### Conclusion

We affirm the judgment of the trial court.

Shepard, C.J., and Dickson and Sullivan, JJ., concur.

Boehm, J., agrees with Judge Vaidik's separate opinion concurring in the result reached by the Court of Appeals and therefore respectfully dissents.