**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JESSE R. POAG**
Newburgh, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana



FILED

Aug 16 2012, 8:20 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TAMMY LEE MONTGOMERY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1201-CR-26 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Mary Margaret Lloyd, Judge
Cause Nos. 82D02-0909-FD-850 and 82D02-1104-FD-395

**August 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

This is a case of a probationer who simply cannot stay away from drugs. While serving probation on a class D felony conviction for driving while suspended, Tammy Lee Montgomery violated probation and tested positive for an array of drugs. She was convicted of two new class D felony counts of drug possession, for which she was sentenced to probation and drug treatment programs. However, she continued to test positive for illegal substances. Eventually, she signed a form admitting that she had used a controlled substance without a valid prescription, whereupon the court granted petitions to revoke her probation and remanded her to the Department of Correction ("DOC").

Montgomery now appeals, claiming that the evidence is insufficient to support the trial court's finding that she violated her probation. We affirm.

**Facts and Procedural History**

In 2010, Montgomery pled guilty to class D felony driving while suspended causing injury in cause number 82D02-0909-FD-850 ("Cause 850"). Her two-year sentence was suspended to probation, and the trial court ordered her to pay restitution and perform community service. In March 2011, the probation department filed a petition to revoke her probation, alleging that she had tested positive for methamphetamine, oxycontin, methadone, and benzodiazepines and had failed to pay restitution or perform community service as ordered.

Two weeks later, the State charged Montgomery with two counts of class D felony unlawful possession or use of a legend drug in cause number 82D02-1104-FD-395 ("Cause

395"). The next day, the probation department filed a second petition to revoke her probation in Cause 850, alleging that she had committed a new criminal offense. She admitted to the allegations in the probation revocation petition, and the trial court granted the petition, ordering her to serve one year on drug abuse probation service ("DAPS") and to pay restitution. That same day, she pled guilty to the drug offenses in Cause 395 and was sentenced to two concurrent eighteen-month terms, with the first six months on electronic home detention and the remainder on DAPS.

In June 2011, Montgomery failed her drug tests, and the community corrections department filed a petition to revoke her probation in Cause 395. The trial court eventually revoked her home detention and sentenced her to six months in the county jail followed by the remainder of her DAPS commitment. In September 2011, she tested positive for methadone and signed an admission stating that she took it without a valid prescription.

On September 13, 2011, the probation department filed probation revocation petitions in Causes 850 and 395. The trial court issued a bench warrant, but Montgomery was not apprehended. She did not appear in court until December 29, 2011. During the intervening months, she missed one scheduled office appointment and seven random drug tests. At her revocation hearing, she presented an August 2009 note from her doctor's file, which stated that the doctor had refilled prescriptions for methadone, xanax, and zanaflex to replace pills that her husband had allegedly stolen. She stated that in 2009, her doctor had given her a prescription for 330 methadone pills to take as needed for pain, but that she had ceased taking them when she started taking oxycodone. Tr. at 22-24. She explained that she

resumed taking methadone when she found out that her probation conditions prohibited her from taking oxycodone. Although she had no independent recollection of signing the form in which she admitted to taking methadone without a valid prescription, she authenticated her signature and admitted that her probation officer had given her a copy of the DAPS rules and had gone over them with her. DAPS Rule 6 states, "For a prescription to be considered valid, the purchase date must be within 30 days." State's Ex. 2.

In January 2012, the trial court found that Montgomery violated her probation and granted the revocation petitions, sentencing her to two consecutive one-year terms in the DOC. This appeal ensued. Additional facts will be provided as necessary.

## Discussion and Decision

Montgomery asserts that the evidence is insufficient to support the trial court's finding that she violated her probation. Probation is not a right; instead, it is a matter of grace in the nature of a favor or a conditional liberty. *Cooper v. State*, 917 N.E.2d 667, 671 (Ind. 2009). The trial court determines the conditions of probation and has the discretion to revoke probation if the probationer violates those conditions. *Id*. Because a probation revocation proceeding is civil in nature, the State must prove a violation by a preponderance of evidence. *Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). In conducting our review of Montgomery's sufficiency claim, we consider only the evidence and reasonable inferences most favorable to the judgment without reweighing evidence or judging witness credibility. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). If there is substantial evidence of probative value to support the trial court's decision to revoke probation, we will affirm.

4

*Id*. at 639-40.

Here, the trial court found that Montgomery had violated her probation by unlawfully using controlled substances.[1] At the revocation hearing, probation officer Melinda Littell testified that on August 29, 2011, she witnessed as Montgomery signed two documents: the rules of probation and the drug and alcohol testing agreement. Tr. at 9. Both documents explicitly prohibited Montgomery from unlawfully using controlled substances. States's Exs. 1, 2. Littell testified that when Montgomery tested positive for oxycodone in August 2011, she told Montgomery that her two-month old prescription for oxycodone was no longer valid because prescriptions were only valid for thirty days. *Id*. at 12. Littell also stated that when she asked Montgomery if she was taking any other prescription medications, she said there were "no other prescriptions." *Id*. Less than two weeks later, Montgomery tested positive for methadone and admitted to taking two methadone pills without a valid prescription. *Id*. at 12-14. To the extent she argues that she had a valid 2009 prescription for the methadone and had no recollection of signing the admission form indicating that she took it without a valid prescription, we note her authenticated signature on the form as well as her admissions (1) that Littell read the DAPS rules to her; and (2) that she received a copy of the DAPS agreement, which states that prescriptions are only valid for thirty days after the purchase date. Tr. at 23, 25-26; State's Exs. 2, 3. We also note Montgomery's explanation that she only resumed taking methadone after she found out that she could not take oxycodone while

---

[1] Rule 3 of the probation order states, in part, that the probationer shall "[n]ot unlawfully use, possess, sell, or dispense any drug identified as a Controlled Substance[.]" Appellant's App. at 57.

on probation.  However, Littell explained to her that her two-month-old prescription for oxycodone was too old to be considered valid.  In now claiming that she was unaware that her 2009 prescription was no longer valid, Montgomery invites us to reweigh evidence and judge witness credibility, which we may not do.

Based on the foregoing, we conclude that the evidence is sufficient to support the trial court's finding that Montgomery violated her probation.  Accordingly, we affirm.

Affirmed.

RILEY, J., and BAILEY, J. concur.