**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 05 2012, 8:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KEITH HOSEA, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )     No.  24A01-1202-CR-76 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE FRANKLIN CIRCUIT COURT
The Honorable Clay M. Kellerman, Judge
Cause No.  24C02-0806-FD-286

**October 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Keith Hosea ("Hosea") pled guilty to Driving While Intoxicated, as a Class D felony, in Franklin County, and a portion of his sentence was suspended to probation. He again committed Driving While Intoxicated, this time in Rush County, after which the Franklin County trial court revoked his probation and ordered him to serve the remainder of his sentence as executed time. Hosea now appeals the revocation of his probation, contending that the trial court abused its discretion when it ordered the entirety of his suspended sentence be served as executed time.

We affirm.

**Facts and Procedural History**

On November 3, 2009, Hosea pled guilty to Operating a Vehicle While Intoxicated, as a Class D felony, and was sentenced to 24 months imprisonment with 15 months suspended to probation. A probation order was entered the same day. Among the conditions of probation were requirements that Hosea "not violate any law (Federal, State, or local)," and that he "not consume any alcoholic beverages." (Ex. 2.) Hosea signed the order, thereby acknowledging that he had been informed of the requirements of his probation and of the possibility that his probation would be revoked in the event of any violations.

On May 6, 2010, Hosea was arrested in Rush County and was charged with, among other offenses, Operating a Vehicle with a .08% or .15% or More Blood Alcohol Content, as a Class D felony. Hosea pled guilty to this offense, and on July 13, 2010, judgment of conviction was entered against him.

On June 22, 2010, during the pendency of the Rush County case, Brian Campbell, Chief Probation Officer for the Franklin Circuit Court, filed a Verified Petition of Probation Violation, alleging that Hosea's conduct in Rush County had violated his probation in the Franklin County case.

After completing the executed portion of his sentence in the Rush County case, Hosea was released from custody, but failed to appear for a Revocation Hearing the trial court had scheduled for May 26, 2011. A bench warrant was issued the same day, after which Hosea was arrested.

After several continuances, a Revocation Hearing was conducted on January 19, 2012, at the conclusion of which the trial court found that Hosea had violated the requirements of and therefore revoked his probation. The trial court ordered Hosea to serve the probated portion of his sentence as executed time in the Department of Correction.

This appeal ensued.

**Discussion and Decision**

Hosea couches his appeal as one challenging the revocation of his probation. The legal standard for revocation of probation and our review of such decisions on appeal is well-settled:

> Probation is a matter of grace and a conditional liberty which is a favor, not a right. Johnson v. State, 659 N.E.2d 194, 198 (Ind. Ct. App. 1995). The trial court determines the conditions of probation and may revoke probation if those conditions are violated. The decision to revoke probation is within the sound discretion of the trial court. Reyes v. State, 868 N.E.2d 438, 440 (Ind. 2007). And its decision is reviewed on appeal for abuse of that discretion. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007).

Cooper v. State, 917 N.E.2d 667, 671 (Ind. 2009). When a defendant violates probation "and the petition to revoke is filed within the probationary period," a trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(g)(3) (2010) (superseded by I.C. § 35-38-2-3(h)(3) (2012)).

Here, after Hosea's conviction for a subsequent offense in Rush County, the trial court revoked his probation and ordered him to serve the suspended portion of his sentence in prison. Hosea does not argue that the trial court abused its discretion in revoking his probation. Rather, he argues that "principles of equity would call for a sentence of significantly less than fifteen months because of the significant amount of time Hosea had already spent on probation and incarcerated awaiting disposition" with the exception of his Rush County offense. (Appellant's Br. at 7.)

First, Hosea offers no citation to authority for the premise that he may seek relief on equitable principles. Thus, his argument on appeal is waived. See Ind. Appellate Rule 46(A)(8)(a) (requiring that briefs be "supported by cogent reasoning" and "citations to the authorities … relied on").

Waiver notwithstanding, we cannot agree with Hosea that the trial court abused its discretion when it ordered him to serve as executed time the fifteen months of probation. During his probationary period, Hosea committed an offense similar to that for which he was sentenced in the present case. He argues that he "had been released for seven months with a chance to build his life outside of jail before being re-incarcerated on the probation violation." (Appellant's Br. at 7.) However, he declines to note that he did not appear for the

4

May 26, 2011, probation revocation hearing and was incarcerated as a result of his failure to appear.

Under these circumstances, we cannot conclude that the trial court abused its discretion when it ordered Hosea to serve as executed time the entire fifteen-month term that had previously been suspended to probation.

Affirmed.

RILEY, J., and CRONE, J., concur.