**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 22 2013, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID W. STONE IV**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DONALD L. SWAIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1206-CR-320 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle III, Judge
Cause Nos. 48C01-0811-FD-665, 48C01-9908-CF-193, and 48C01-9910-DF-244

**January 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Donald L. Swain ("Swain") appeals the trial court's order revoking his probation under three different cause numbers. He raises two issues that we restate as:

I.  Whether the State presented sufficient evidence to prove that Swain violated one or more conditions of his probation; and

II.  Whether the trial court abused its discretion when it revoked Swain's probation and ordered that he serve his previously-suspended sentences in the Department of Correction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In May 1999, the State charged Swain in cause number 48C01-9910-DF-244 ("Case 244") with Class D felony operating a vehicle after being adjudged an habitual traffic offender and Class A misdemeanor resisting law enforcement. Several months later, in August 1999, the State charged Swain in cause number 48C01-9908-CF-193 ("Case 193") with Class C felony battery by means of a deadly weapon, Class D felony operating a vehicle after being adjudged an habitual traffic offender, Class D felony resisting law enforcement, Class A misdemeanor resisting law enforcement, Class A misdemeanor possession of marijuana, Class B misdemeanor false informing, and being an habitual substance offender.

In April 2002, Swain pleaded guilty to all counts in Case 193, except for the Class A misdemeanor possession of marijuana, and to all counts in Case 244. In April 2003, the trial court sentenced Swain in Case 244 to consecutive sentences on the two counts, which totaled two and one-half years' imprisonment and which was to be served consecutively to the sentence in Case 193. On the same date, the trial court sentenced Swain in Case 193 to sentences that totaled sixteen years of incarceration.

In November 2008, the State charged Swain in cause number 48C01-0811-FD-665 ("Case 665") with Class D felony attempted residential entry and Class B misdemeanor criminal mischief. A few months later, in February 2009, Swain pleaded guilty to an amended count of Class A misdemeanor trespass and to the criminal mischief charge. The trial court sentenced him on that date to one year of imprisonment, all time suspended to probation. The sentence in Case 665 was to be served consecutive to Case 244.

Meanwhile, in January 2009, a notice of probation violation was filed against Swain in Case 244, alleging (1) failure to pay child support, (2) failure to report to probation, and (3) that, in December 2008, Swain was arrested and charged with contempt of court for failure to pay child support, attempted residential entry, and criminal mischief. *Appellant's App*. at 65. Thereafter, on April 15, 2010, three separate notices of probation violation were filed, one each in Cases 193, 244, 665. The notice of violation for Case 665 alleged that Swain failed to report to probation, pay court costs, and pay probation fees. *Id*. at 31. The notice of violation for Case 244 likewise alleged a failure to report to probation, pay court costs, and pay probation user fees. *Id*. at 66. An amended notice of violation for Case 193, filed April 27, 2012, similarly alleged that Swain failed to report to the probation department and failed to pay probation fees. It also alleged, among other things, that Swain violated the laws of Indiana or the United States and failed to behave well in society by virtue of the fact that (1) in September 2009 he was charged with false informing under cause number 48H02-0909-CM-4435, and (2) in December 2010 he was charged with four counts of felony nonsupport

3

of a dependent child under cause number 48C01-1012-FC-872. *Appellant's App.* at 58-59 (subsections (d) and (i) of notice of probation violation).

On June 11, 2012, the trial court held an evidentiary hearing on the pending notices of probation violations. At the hearing, Swain admitted to the following violations: (1) he failed to report to probation department; (2) he was behind on probation fees and court costs; and (3) he committed the offense of false informing. *Tr.* at 4-5. Also, the State presented evidence that Swain had been ordered to pay child support for his three children, but he failed to pay child support for several years such that his arrearage at the time of the hearing was in excess of $33,000. During the hearing, Swain discussed his addiction to crack cocaine, explaining that some years prior, when he was "on the run" from law enforcement, he became addicted to crack cocaine. While in prison, he became "clean," but after he was "modified" out to work release in 2007, and thereafter released to unsupervised probation, he became addicted again. *Id*. at 37-38. Swain admitted that during that time on probation he took no steps to obtain treatment for his addiction. *Id*. at 38-39.

The trial court determined that Swain had violated his probation in all three causes. The trial court ordered Swain to serve, consecutively, the following previously-suspended sentences in the Department of Correction: 2,758 days for Case 193, 545 days for Case 244, and three hundred sixty-five days for Case 665. Swain now appeals.

## DISCUSSION AND DECISION

### I. Sufficiency of Evidence of Financial Violations

Swain asserts that the evidence was not sufficient to support the trial court's findings

of probation violations that were based on his failure to pay court courts and probation fees. A person's probation may be revoked if he or she has violated a condition of probation during the probationary period. Ind. Code § 35-38-2-3(a)(1). However, "[p]robation may not be revoked for failure to comply with conditions of a sentence that imposes financial obligations on the person unless the person recklessly, knowingly, or intentionally fails to pay." Ind. Code § 35-38-2-3(f). Therefore, in probation revocation cases involving payment of a financial obligation, the State has the burden to prove the fact of the violation, i.e., less than full payment, and it must also prove the probationer's state of mind. *Smith v. State*, 963 N.E.2d 1110, 1112 (Ind. 2012). The probationer's mental state may be proven by circumstantial evidence and inferred from the facts and circumstances of the case. *Id*. at 1113. With respect to the ability to pay, it is the probationer's burden "to show facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered." *Id*. (citing *Runyon v. State*. 939 N.E.2d 613, 617 (Ind. 2010)).

Here, each of the notices of violation of probation alleged failure to pay probation fees and court costs, and, at the hearing, Swain admitted that he had not paid those financial obligations. *Tr*. at 4-5. He maintains, however, that there was no evidence that he had the financial ability to have paid court costs and probation fees, and absent such proof, probation could not be revoked for failure to meet those financial obligations. *Appellant's Br*. at 4. He requests that we reverse the finding of violations for not paying probation fees and court costs and remand the case for a new determination of an appropriate sanction for the

remaining violations.

We find that, contrary to Swain's claim, the State presented sufficient evidence to establish that his failure to pay probation fees and court costs was knowing or intentional. By Swain's own admission, he was "on the run" for a year before being incarcerated, and during that time, he became addicted to crack cocaine. *Tr.* at 37. Although he became "clean" while in prison, he became addicted again when he was released on unsupervised probation and took no steps to obtain treatment for the addiction. *Id.* at 37-39. From this circumstantial evidence that Swain was buying crack cocaine, the trial court could infer that Swain had an ability to pay for probation fees and court costs but knowingly or intentionally chose not to apply those funds toward those financial obligations, as well as child support. Moreover, at the hearing, Swain made no argument concerning an inability to make the requisite payments. He failed to carry his burden to show an inability to pay or that he made bona fide efforts to do so. Under these circumstances, the State presented sufficient evidence to establish Swain violated various financial conditions of his probation.

## II.    Revocation of Probation

Probation is a matter of grace and a conditional liberty, not a right to which a defendant is entitled. *Smith*, 963 N.E.2d at 1112. The trial court determines the conditions of probation and may revoke probation whenever any of those conditions are violated. *Cooper v. State*, 917 N.E.2d 667, 671 (Ind. 2009). The trial court's sentencing decisions for probation violations are reviewed for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d. 184, 188 (Ind. 2007). An abuse of discretion occurs where the trial court's decision is clearly

6

against the logic and effect of the facts and circumstances. *Smith*, 963 N.E.2d at 1112.

When reviewing the sufficiency of the evidence to support a probation revocation, we consider only the evidence most favorable to the judgment without reweighing the evidence or judging witness credibility. *Figures v. State*, 920 N.E.2d 267, 272 (Ind. Ct. App. 2010). A probation revocation hearing is civil in nature, and the State's burden is to prove the alleged violations by a preponderance of the evidence. *Id.* If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated *any* terms of probation, we will affirm its decision to revoke probation. *Id.*

In this case, Swain admitted at the hearing to several of the alleged violations, including: failure to report to probation department on multiple occasions; committing false informing, a new offense; and being in arrears in child support in an amount over $33,000, constituting another new offense, namely Class C felony nonsupport of a dependent. "Proof of any one violation is sufficient to revoke a defendant's probation." *Figures*, 920 N.E.2d at 273. As we found above, the State also presented sufficient evidence to establish that Swain recklessly, knowingly, or intentionally failed to pay probation fees and court costs, both of which were conditions of probation in all three cases. Considering this evidence, the trial court was well within its discretion to revoke Swain's probation and order him to serve his previously-suspended sentences.

Affirmed.

NAJAM, J., and MAY, J., concur.