**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 14 2013, 8:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JANE ANN NOBLITT**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| OMAR G. BURTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A01-1206-CR-263 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable Chris D. Monroe, Judge
Cause No. 03D01-9605-CF-454

**February 14, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Omar Burton appeals the sentence imposed by the trial court following the revocation of his probation. We affirm.

## ISSUE

Burton raises one issue, which we restate as whether the trial court abused its discretion by ordering him to serve the balance of his suspended sentence following the revocation of his probation.

## FACTS AND PROCEDURAL HISTORY

In 1996, Burton was convicted of Class B felony burglary and Class D felony theft. The trial court imposed concurrent sentences of twenty years for the burglary and three years for the theft, with five years of the aggregate sentence suspended to probation. The court noted that Burton was being sentenced in three other cause numbers on the same day and ordered all of the sentences to run consecutively in a specific sequence, with the sentence in this cause to be served third in line.

In November 2008, Burton filed a motion under all four cause numbers to set a hearing and modify his sentences. The trial court ordered Burton to clarify which sentences had been served and which sentences he sought to modify. Burton informed the court that he was currently serving the executed sentence in this cause, with two and a half years left to serve, and that he still had one more executed sentence and two terms of probation to complete. At a hearing in March 2009, the court modified Burton's sentence in this cause by suspending the balance of his sentence and by placing him on probation for four years, consecutive to the probation ordered in the last cause number to be served.

2

The State filed a petition to revoke Burton's probation in June 2010. In the petition, the State alleged that Burton failed to report to two probation appointments, left the state without obtaining permission from the court and was currently residing in Wisconsin, failed to report an address change, failed to report he had contacts with Wisconsin police, and associated with individuals on probation. At a hearing in April 2011, Burton admitted that he violated his probation by failing to report to the appointments, leaving the state without permission, and failing to report his address change. The court gave Burton credit for time served, returned him to probation, and ordered him to pay the extradition costs.

One month later in May 2011, Burton entered into an administrative agreement with the probation department in which he admitted that he violated his probation by using methamphetamine and agreed to be placed in a residential program.

In November 2011, the State filed a second petition to revoke Burton's probation. In the petition, the State alleged that Burton admitted to using methamphetamine, benzodiazepines, and marijuana in October, left his home without authorization from community corrections and his whereabouts were unknown, and was in arrears on over $1600 in fees. At a hearing in February 2012, Burton admitted that he violated his probation by using methamphetamine, benzodiazepines, and marijuana. The court imposed the original twenty-year aggregate sentence with no time suspended. It gave Burton credit for all the time previously served in this cause at the Department of Correction before the sentence modification, 306 credit days for time spent in

confinement "as a result of this charge,"[1] and 244 credit days for time served in the residential program. Appellant's App. p. 212. Burton now appeals.

DISCUSSION AND DECISION

Burton contends that the trial court abused its discretion by ordering him to serve the balance of his suspended sentence following the revocation of his probation. A trial court's sentencing decisions for probation violations are reviewable for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* A trial court may order execution of all or part of a suspended sentence upon a violation of probation. Ind. Code § 35-38-2-3(g)(3) (2010).

This was Burton's third admitted probation violation and the second violation in which he admitted using methamphetamine. Despite being afforded leniency with his previous violations, he failed to adjust his behavior.

Burton nonetheless argues that he has shown he can be successful if given direction and structure, but the probation department failed to offer him temporary options in residential and work release programs when he lost his job and apartment. His probation officer, however, stated that Burton never told him he was going to lose his apartment and never asked about alternative placements such as work release. When asked about changing residences, Burton testified, "[O]nce that progressed I just kind of

---

[1] The court specified the dates of confinement, which include time periods before the State's second petition to revoke Burton's probation.

gave up, figured I would wait until they caught me and then I would deal with what I had to deal with then." Tr. p. 151.

Burton also argues that he took responsibility for his probation violations and that his transition to living a clean life was bound to be rough. He further argues that, since he was given credit for time served and returned to probation following his first probation violation, the trial court should have "step[ped] up the consequences to match Mr. Burton's learning curve" instead of ordering him to serve the balance of his suspended sentence. Appellant's Br. p. 14. We cannot agree. Probation is a matter of grace and a conditional liberty which is a favor, not a right. *Cooper v. State*, 917 N.E.2d 667, 671 (Ind. 2009). Burton was given an opportunity through probation to get assistance with his transition. He squandered that opportunity by repeatedly violating his probation.

The trial court did not abuse its discretion by ordering him to serve the balance of his suspended sentence.

## CONCLUSION

We therefore affirm the trial court's judgment.

FRIEDLANDER, J., and BROWN, J., concur.