BARNES, Judge,
concurring.
I concur fully that there is no evidence in this record that would have allowed the trial court to trigger the sanctions in the conditional agreement. I, too, emphatically support the use of agreements like the one used here. Prosecutors and juvenile defendants must have an opportunity to negotiate these sorts of agreements. It is clear to me, as the majority posits, that basic due process demands more than what occurred here. There was no delinquency petition on file here at the time the conditional agreement was voided. The only testimony about the alleged incident was exculpatory. Yet, because probable cause was found at one time on a since-dismissed delinquency petition, sanctions were imposed. Not fair, not right, not constitutional in my view.
I part with the majority when it says that, “a juvenile court may not rely solely on the fact that there was probable cause to authorize the filing of a delinquency petition” and suggests that a conditional agreement like the one here could never be revoked based only on the filing of another delinquency petition. There are *385 numerous probation revocation cases, which I consider to be analogous to the present situation, establishing that in some cases a probable cause finding in another matter may be used to revoke probation. When a probation agreement says a probationer cannot be charged with any new offense, then the mere fact of the probationer being charged with a new offense can be enough to revoke probation. Pitman v. State, 749 N.E.2d 557, 561 (Ind.Ct.App.2001), trans. denied. But if an agreement specifically says probation will be revoked if a probationer commits a new offense, the mere fact of being charged with a new offense is not enough to prove that the defendant committed a new offense and that probation should be revoked. Figures v. State, 920 N.E.2d 267, 272-73 (Ind.Ct.App.2010). Also, where a new criminal charge has not been dismissed, a probable cause affidavit for the new charge may be introduced into evidence to prove that the probationer actually committed the new offense, but such an affidavit cannot be introduced where the new charge was later dismissed because of evidentiary problems. Id. at 272. It also is well-settled that probation cannot be revoked unless a hearing has been held at which the probationer has been able to present his or her own evidence, in particular with respect to whether he or she committed a new crime. Cooper v. State, 917 N.E.2d 667, 672 (Ind.2009).[5]
Applying these cases to the present case, I would hold: (1) C.B.’s conditional agreement prohibited her from committing a new offense, not from being charged with a new offense, thus the mere fact that she was charged with a new offense was not enough to revoke the agreement; (2) because the new delinquency charge was dismissed, the State was required to present some independent evidence that the juvenile actually committed that offense aside from the fact that the charge was filed, and that evidence could not include the probable cause affidavit accompanying the dismissed petition; and (3) because the State presented no evidence that C.B. committed a new offense, it was erroneous for the trial court to revoke the conditional agreement.
I think the language used by the majority could be construed too broadly. I respectfully believe we must be careful not to overreach and that we should limit our holding to the particular facts of this case.

. Our supreme court recently overruled Cooper to the extent it said probation could be revoked based on a showing of probable cause that a probationer committed a new offense, in conflict with the statutes governing probation that say a probation violation has to be proven by the higher standard of a preponderance of the evidence. See Heaton v. State, 984 N.E.2d 614, 617 (Ind.2013). The juvenile’s agreement here was not governed by any statute, however, so the higher burden of proof required by Heaton would not seem to apply in this case.