Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Aug 30 2013, 5:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARRELL SPILLERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1302-CR-70 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-1008-FB-2639
Cause No. 84D03-0611-FC-3560

**August 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Darrell Spillers appeals the revocation of his probation and the execution of his previously suspended sentence. Spillers presents the following restated issues for review: Did the trial court err in revoking Spillers's probation and executing the entire term of the suspended sentence?

We affirm.

The facts favorable to revocation are that Spillers was convicted of robbery as a class C felony and intimidation as a class D felony. He was sentenced to four years, with all but forty-four days suspended to probation. Included among the terms of probation was that Spillers would "report in person to the Adult Probation Office on or before the fifteenth day of each month, and at any other time upon a 24-hour notice." *Appellant's Appendix* at 47. Also, he was required to avoid any contact with controlled substances. On November 10, 2012, Spillers's probation officer filed a notice of probation violation alleging that Spillers had failed to report to the Adult Probation Department during the months of June, July, and August in 2012.

A probation revocation hearing was conducted on December 13, 2012. At that hearing, Spillers acknowledged that he did not report to his probation officer from the beginning of April 2012 until the middle of November 2012, when he was arrested for violating probation. Thus, he missed eight consecutive reporting dates, well in excess of the three alleged in the notice of probation violation. In his presentence investigation report (PSI), Spillers admitted he had used marijuana, cocaine, and "wet" (marijuana cigarettes soaked in embalming fluid) prior to his incarceration. *PSI* at 10. He claimed he had been

2

homeless, depressed, and without financial means to obtain prescribed medications, which triggered mental issues, which in turn caused him to fail to report. At the conclusion of the hearing, the trial court found Spillers to be in violation of his probation. The court revoked probation and imposed the previously suspended 1516-day sentence.

Probation is a matter of grace that confers conditional liberty; it is a favor, not a right. *Cooper v. State,* 917 N.E.2d 667 (Ind. 2009). The trial court sets the conditions of probation and is authorized to revoke probation if those conditions are violated. *Id.* The decision whether to revoke probation is committed to the trial court's sound discretion. *Id.* We review its decision for abuse of discretion. *Id.*

The evidence adduced at the hearing reflected that Spillers violated the terms of his probation by failing to report to his probation officer for a period of eight months. Although it was not alleged, there is also evidence that he violated his probation by using illegal substances. "[U]ltimately it is the trial court's discretion as to what sanction to impose under [I.C. § 35–38–2–3(g) (West, Westlaw current with all 2013 legislation)]" and the trial court was statutorily authorized to execute the entirety of Spillers's previously suspended sentence. *Abernathy v. State,* 852 N.E.2d 1016, 1022 (Ind. Ct. App. 2009).

Spillers does not challenge the finding that he violated his probation. Rather, he contends the trial court abused its discretion in revoking probation on that basis and imposing the entire suspended sentence. He notes that at the revocation hearing he described to the court various physical and mental health problems he had experienced. He also explained that he was unable to obtain proper medication to control his mental health issues, and that

3

failure to take those medications rendered him in such a condition that he was unfit to report to his probation officer. In the end, he claims that the trial court's judgment was erroneous because, although he violated the condition of probation as charged, "it was a technical violation only and was not likely to recur." *Appellant's Brief* at 5-6.

Our research reveals no classification of probation violation labeled "technical." Whatever it means, or whatever Spillers intends it to mean in this context, it is of no legal significance. A violation is a violation. Moreover, his claim that this is not likely to recur is not persuasive. This violation constituted a pattern of repeated violations of the same condition over a period of months. This, coupled with Spillers's extensive criminal history, along with evidence on the PSI that while on probation he violated yet another, uncharged condition, supplied an ample basis for the trial court's order. Accordingly, the trial court did not abuse its discretion by revoking Spillers's probation and ordering him to serve the remainder of his suspended sentence.

Judgment affirmed.

BAKER, J., and VAIDIK, J., concur.