Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jan 31 2014, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DONALD A. WOOD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1306-CR-288 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Jonathan N. Cleary, Judge
Cause No. 15D01-0912-FD-260

**January 31, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Donald A. Wood ("Wood") appeals the order of the Dearborn Superior Court revoking his probation and ordering him to serve six years of his previously-suspended sentence.

We affirm.

**Facts and Procedural History**

On May 2, 2010, Wood pleaded guilty to Class D felony operating a vehicle while intoxicated ("OWI") and admitted to being an habitual substance offender. The trial court then sentenced Wood to an aggregate sentence of eleven years, with ten years suspended. On September 10, 2012, Wood was put on probation as part of his suspended sentence. On April 24, 2013, Wood submitted a urine sample that tested positive for cocaine, methamphetamine, and alcohol. On May 3, 2013, the State filed a notice of probation violation.

The trial court held a probation revocation hearing on June 6, 2013. The State presented evidence that Wood's underlying conviction was his tenth conviction for OWI. Further, at the time of the revocation hearing, Wood had two warrants for his arrest in Ohio. Wood admitted the violation and testified that he had been a substance abuser since the age of twelve. He claimed to have been clean and sober for forty-five months, until his father died. Wood stated that the stress from his father's death led to his relapse. Wood requested lenience, claiming that he helped take care of his elderly mother. The trial court took into consideration Wood's admission of the violation, but noted his extensive criminal history, his history of probation violations, and the fact that the current

2

violation was for the use of cocaine, methamphetamine, and alcohol. The trial court then revoked Wood's probation and ordered him to serve six of the ten years of his previously-suspended sentence. Wood now appeals.

**Discussion and Decision**

It is well settled that probation is a matter of grace and a conditional liberty that is a favor, not a right. Cooper v. State, 917 N.E.2d 667, 671 (Ind. 2009). The trial court determines the conditions of probation and may revoke upon determining that those conditions were violated. Id. Here, Wood does not claim that the trial court erred in revoking his probation. Instead, he claims that the trial court should have ordered him to serve only two years, not six years, of his previously-suspended sentence.

The sentencing of a defendant following a probation violation is governed by Indiana Code section 35-38-2-3(h), which provides that upon finding a violation of probation, a trial court may:

(1) continue the person on probation, with or without modifying or enlarging the conditions;

(2) extend the person's probationary period for not more than one year beyond the original probationary period;

(3) order execution of the sentence that was suspended at the time of initial sentencing.

The fact that the trial court has options under section 35-38-2-3(h) implies it has discretion in deciding which option is appropriate under the circumstances of each case. Johnson v. State, 692 N.E.2d 485, 488 (Ind. Ct. App. 1998). Indeed, our supreme court has held that "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed."

3

Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). Accordingly, we review a trial court's sentencing decision following a probation revocation for an abuse of discretion. Sanders v. State, 825 N.E.2d 952, 957 (Ind. Ct. App. 2005). An abuse of discretion will be found only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. Prewitt, 878 N.E.2d at 188.

Wood claims that the trial court abused its discretion in ordering him to serve six years executed because he admitted his violation and explained how it happened. He also claims that his sentence would be unduly harsh on his elderly mother and that a sentence of two years would adequately punish him for his violation. However, under the facts and circumstances presented here, we cannot say that the trial court's decision was an abuse of discretion.

First, although Wood admitted his violation, he had already tested positive for drug use, and any denial would have been of little avail. And although we sympathize with Wood for the loss of his father, this does not excuse his decision to again return to drug use after a period of sobriety. This is especially so when Wood had participated in substance abuse treatment and knew of the availability of these services. And the only evidence regarding the impact on Wood's mother was Wood's own testimony, which the trial court was free to discredit. In fact, Wood himself testified that his sister also assists with the care of their mother. Moreover, Wood fails to explain how a sentence of two years would impose any less hardship on his family. See Patterson v. State, 846 N.E.2d 723, 730 (Ind. Ct. App. 2006) (finding no abuse of trial court discretion for failing to consider undue hardship on defendant's family as a mitigator when defendant failed to

4

explain how greater sentence imposed any additional hardship than lesser sentence would impose).

Wood is a recidivist drunk driver and substance abuser with ten prior convictions for OWI. Woods also had prior drug related convictions and had violated the terms of his probation in the past. Nor was Wood's current violation a minor one; he tested positive for cocaine, methamphetamine, and alcohol. Under these facts and circumstances, we cannot say that the trial court abused its discretion in ordering Wood to serve six of the ten years of his previously-suspended sentence.

Affirmed.

BRADFORD, J., and PYLE, J., concur.