# FOR PUBLICATION



FILED
Aug 20 2013, 5:42 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JENNIFER A. JOAS**
Madison, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CARL J. BRANDENBURG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 40A04-1301-CR-23 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JENNINGS CIRCUIT COURT
The Honorable Jon W. Webster, Judge
Cause No. 40C01-0908-FC-284

**August 20, 2013**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Carl Brandenburg appeals his sentence following the revocation of his probation. He presents two issues for our review:

1. Whether the trial court abused its discretion when it ordered him to serve the balance of his suspended sentence in the Department of Correction.

2. Whether the trial court miscalculated the amount of his child support arrearage.

We affirm, but we remand with instructions.

## FACTS AND PROCEDURAL HISTORY

Following Brandenburg's guilty plea for non-support of a dependent child, as a Class C felony, in August 2011 the trial court sentenced him to five years with credit for time served and fifty-two months on probation. Brandenburg acknowledged that his arrearage at that time was "at least" $10,000. Appellant's App. at 76. The trial court ordered him to pay $78 per week in child support beginning within sixty days of the order.

On November 4, 2011, the State filed a petition to revoke or modify probation alleging that Brandenburg had violated two conditions of his probation, namely, payment of child support and payment of fees associated with his probation. Following a continuance, Brandenburg failed to appear for a hearing on the alleged probation violations scheduled for July 18, 2012, and a warrant was issued for his arrest. Brandenburg was arrested ten days later. The trial court finally held the hearing on November 9, 2012.

At the probation revocation hearing, Brandenburg admitted to both alleged

violations of his probation. In particular, Brandenburg acknowledged that he had made only four child support payments since August 2011. Brandenburg testified that he had been employed part-time at a Wendy's located thirty miles from his house for approximately three months in early 2012, but he was otherwise unemployed. He testified that he had recently been offered a job as a truck driver, but he had not talked to that potential employer about the job for "a couple of months." Transcript at 16. Brandenburg testified that he would be "driving with [his] father," who assured him that he had the job. Id. at 17.

The trial court revoked Brandenburg's probation and ordered him to serve the balance of his sentence of fifty-two months in the Indiana Department of Correction. In its order, the trial court stated that Brandenburg's arrearage is $17,795.05. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Sentence

Brandenburg admitted to violating his probation and therefore does not contest the revocation of his probation. Instead, he contends that the trial court abused its discretion in ordering him to serve the entire portion of his sentence that was suspended at the time of his initial sentencing.

Once a trial court has exercised its grace by ordering probation rather than incarceration, "the judge should have considerable leeway in deciding how to proceed." Prewitt v. State, 878 N.E.2d 184, 187 (Ind. 2007). If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be

3

less inclined to order probation. Id. Accordingly, a trial court's sentencing decision for a probation violation is reviewable using the abuse of discretion standard. Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id. If a trial court finds that a person has violated his probation before termination of the period, the court may order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(g).

Brandenburg contends that the State failed to prove that he recklessly or intentionally failed to pay his child support obligation, and in support of that contention he cites our supreme court's opinion in Runyon v. State, 939 N.E.2d 613 (Ind. 2010). In Smith v. State, 963 N.E.2d 1110, 1113 (Ind. 2012), our supreme court explained its holding in Runyon as follows:

> if the [probation] condition violated involves a financial obligation, then the probationer must be shown to have recklessly, knowingly, or intentionally failed to pay. [Runyon, 939 N.E.2d at 616]. This Court determined "[a]s to the fact of violation, the statute expressly imposes the burden of proof upon the State. But with respect to the ability to pay, the burden of proof is not explicitly designated." Id. Noting that revoking probation for violating a financial obligation requires proof of both the underlying violation and the defendant probationer's state of mind, we held, "it is the State's burden to prove both the violation and the requisite state of mind in order to obtain a probation revocation." Id. With respect to the ability to pay, we held that it is the defendant probationer's burden "to show facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered." Id. at 617 (citing Woods v. State, 892 N.E.2d 637, 641 (Ind. 2008)).

(Emphasis added).

Again, Brandenburg does not contest the revocation of his probation. Instead, he maintains that

4

he demonstrated an inability to pay his child support arrearage and fees and that he made a bona fide effort to find the resources to pay these. He believes that these efforts should have required the trial court to consider placement alternatives and that the trial court abused its discretion by failing to consider placement alternatives that would enable him to make payments toward his child support arrearage and pay his fees.

Brief of Appellant at 7-8. But the trial court was not persuaded by Brandenburg's testimony, and the court determined that, on the whole, the evidence compelled Brandenburg's incarceration. In particular, the trial court found:

> 3) Since May 24, 1993, and prior to the filing of criminal charges herein on August 7, 2009, the State of Indiana filed at least nine (9) Petitions for Contempt, five (5) Writs of Body Attachment were issued and there were fifteen (15) Income Withholding Orders! Having spent seventeen (17) years trying to get Mr. Brandenburg to pay child support through the civil process, the State filed criminal charges herein.
>
> 4) When convicted on August 4, 2011, the arrearage was $10,000.00.
>
> * * *
>
> 6) Since August 4, 2011, Defendant has paid $543.26 in child support.
>
> * * *
>
> 8) Defendant is forty-two (42) years of age and able-bodied. He is married. He has a valid operator's license and a C.D.L. "permit." He has at least two (2) prior felony convictions.
>
> 9) After walking out of this courtroom on August 4, 2011[,] with only the obligation to pay child support to remain free, Defendant, while able to pay, failed miserably.
>
> 10) This Court has stated many times before that nonsupport criminal cases will not be more of the same "in and out of court" process to persuade parents to support their children and this case is no exception.

5

Appellant's App. at 97-98. In short, the trial court concluded that Brandenburg did not sustain his burden to prove his inability to pay or "sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered." See Smith, 963 N.E.2d at 1114; Runyon, 939 N.E.2d at 617. The trial court did not abuse its discretion when it ordered Brandenburg to serve the balance of his sentence in the Department of Correction.

### Issue Two: Arrearage

Brandenburg contends that the trial court misstated the current amount of his arrearage in the December 4, 2012 order, and the State "acknowledge[s] that there does seem to be some uncertainty as to the amount of the arrearage." Brief of Appellee at 9. In short, the amount of the arrearage was approximately $10,000 in August 2011, and Brandenburg's daughter had turned twenty-one in August 2009. Brandenburg maintains that his child support obligation ceased "by operation of law" on his daughter's twenty-first birthday under former Indiana Code Section 36-16-6-6. Therefore, he contends, the arrearage could not have increased to $17,795.05, as found by the trial court, after the date of his sentencing in 2011. We remand to the trial court for a hearing to recalculate the amount of Brandenburg's child support arrearage.

Affirmed, but remanded with instructions.

MATHIAS, J., and BROWN, J., concur.