**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 18 2014, 9:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID GREGG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1311-CR-505 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Jonathan N. Cleary, Judge
Cause No. 15D01-0808-FD-196

**June 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

David Gregg appeals the two-year sentence the trial court imposed upon him after he admitted to violating a term of his probation. We affirm.

## ISSUE

Gregg raises one issue, which we restate as: Whether the trial court abused its discretion in sentencing Gregg for his probation violation.

## FACTS AND PROCEDURAL HISTORY

In February 2009, Gregg pleaded guilty to domestic battery as a Class D felony. Pursuant to the parties' agreement, the trial court sentenced Gregg to 1095 days (three years), with 1005 days suspended to probation. The State promised that if Gregg successfully completed probation, it would not object to the modification of his conviction to a Class A misdemeanor.

The terms of Gregg's probation included a requirement that he not commit a new criminal act. In addition, the trial court ordered Gregg to refrain from consuming illegal controlled substances while on probation.

On August 22, 2013, the Indiana Department of Child Services ("DCS") required Gregg to submit to a drug screen in the course of providing services to Gregg's children. Gregg tested positive for cocaine. Gregg reported the positive drug screen to the probation department at DCS's request.

One week later, the State filed a request for a probation violation hearing, alleging that Gregg had tested positive for cocaine. Gregg denied the allegation, and the trial court ordered him held without bond.

At the fact-finding hearing, Gregg withdrew his previous denial of the State's allegation and admitted that he had used cocaine. The court, citing the seriousness of the violation and Gregg's extensive criminal history, ordered him to serve two years of his previously-suspended sentence and terminated his probation. This appeal followed.

## DISCUSSION AND DECISION

If a trial court determines that a person has violated a term of probation before termination of the period, the court may order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(g) (2008). Probation is a matter of grace left to the court's discretion, not a right to which a criminal defendant is entitled. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). Consequently, we review a court's sentencing decision on a probation violation under an abuse of discretion standard. *Brandenburg v. State*, 992 N.E.2d 951, 953 (Ind. Ct. App. 2013), *trans. denied*. An abuse of discretion occurs where the decision is clearly against the logic and effects of the facts and circumstances. *Id*.

Gregg argues that a one-year sentence would be more fitting because he admitted to the violation and his children will be harmed by his absence. The trial court imposed two years, which was not the entire suspended sentence.

The trial court noted that Gregg has an extensive criminal history. He was thirty-two years old when the court sentenced him for the probation violation. As a juvenile, he accrued numerous adjudications, including acts that would have constituted burglary and assault if they had been committed by an adult. As an adult, he has accrued twelve prior

convictions, including three felonies, for crimes including resisting law enforcement and battery.

Gregg has been found to have violated the terms of his probation in nine previous cases. He has thus refused to take advantage of numerous opportunities to comply with the law and avoid incarceration. Furthermore, in this case he violated the terms of probation even though the State had already agreed to allow his conviction to be modified to a misdemeanor if he complied.

Gregg only reported the violation after he tested positive for cocaine and DCS urged him to turn himself in. His admission thus carries less weight than if he had admitted the violation without first submitting to a drug screen. Finally, Gregg does not have custody of any of his three children, and they all live with other caregivers.

Balancing these considerations, the court's decision to impose a two-year sentence is not against the logic and effect of the facts and circumstances. *See Wilkerson v. State*, 918 N.E.2d 458, 463-64 (Ind. Ct. App. 2009) (no abuse of discretion in imposing the balance of a suspended sentence where probationer was found to have possessed cocaine).

CONCLUSION

For the reasons stated above, we affirm the trial court's judgment.

Affirmed.

NAJAM, J., and BROWN, J., concur.

4