**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**GILDA W. CAVINESS**
Caviness Law Office, LLC
Rushville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JORDAN RIVERA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 73A01-1404-CR-156 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SHELBY CIRCUIT COURT
The Honorable Charles D. O'Connor, Judge
Cause No. 73C01-0402-FA-1

**November 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

Jordan Rivera appeals the sentence the trial court imposed after Rivera admitted to violating the terms of his probation.  We affirm.

ISSUE

Rivera raises one issue, which we restate as: whether the trial court abused its discretion in sentencing him.

FACTS AND PROCEDURAL HISTORY

In the early morning hours of December 4, 2003, fourteen-year-old Rivera went to a hotel in Shelbyville.  He ordered the desk clerk to give him money and then forced her into a laundry room, where he raped her and forced her to engage in deviate sexual conduct.  Next, Rivera ripped a lock of hair from her head, forced her inside a large clothes dryer, closed the door, turned it on, and stood there watching as she screamed in pain.  He only left the premises when another employee arrived for work.

The State alleged that Rivera had committed acts that, if they had been committed by an adult, would constitute burglary resulting in bodily injury, robbery resulting in serious bodily injury, rape, and criminal deviate conduct, all Class A felonies.  The State also claimed that he had committed acts that, if they had been committed by an adult, would constitute criminal confinement as a Class B felony and theft as a Class D felony.  A juvenile court waived jurisdiction over Rivera.

Rivera and the State executed a plea agreement.  Rivera agreed to plead guilty to rape as a Class A felony and robbery as a Class C felony.  The State agreed to dismiss the remaining charges.  The parties further agreed to a maximum aggregate sentence of thirty

years, with twenty years executed followed by ten years suspended, to be served on probation. Rivera further agreed that he would comply with "all Special Sex Offender Terms of Probation and participate in and successfully complete the Court's Sex Offender Management Program." Appellant's App. p. 92.

At a March 10, 2005 hearing, the trial court accepted the plea agreement and sentenced Rivera to thirty years, with twenty years executed followed by ten years suspended to probation. In addition, the court ordered him to comply with standard terms of probation and to also comply with special probation conditions for adult sex offenders.

The standard terms of probation included following all rules of the program and paying all fees. The standard conditions also required Rivera to avoid using drugs, to refrain from committing another criminal offense, and to submit to drug and alcohol screens as directed by probation staff.

The special probation conditions for adult sex offenders, which Rivera reviewed and initialed, included a requirement to "report to your probation officer as directed." *Id.* at 101. The conditions also barred him from consuming "any controlled substance." *Id.* at 100. Finally, he was required to submit to "intensive supervision" by his probation officer, including completion of a travel log as requested. *Id.* at 101.

During Rivera's incarceration at the Indiana Department of Correction, he violated prison rules by possessing controlled substances, possessing intoxicants, and committing battery. In January 2012, Rivera was paroled to serve his term of probation. He was placed on electronic monitoring as part of the sex offender management program.

On December 6, 2012, the State filed a petition to revoke his probation, alleging that he failed to attend two scheduled appointments with probation personnel. The trial court held a hearing, at which Rivera admitted to violating the terms of probation. The court ordered him to serve ten days of his previously-suspended sentence.

On January 24, 2013, the State filed a second petition to revoke Rivera's probation, alleging that he again failed to attend a scheduled appointment with probation personnel. The trial court held a hearing, at which Rivera again admitted to violating the terms of probation. The court ordered him to serve ninety days of his previously-suspended sentence.

Rivera served his ninety-day sentence and was released to continue on probation and sex offender monitoring. On July 22, 2013, the State began this case by filing a third petition to revoke Rivera's probation, alleging that he had violated the terms of probation by testing positive for methamphetamine.

Next, the State amended the petition to revoke, alleging that he had also traveled to unapproved locations in violation of the rules of the sex offender management program. Electronic monitoring revealed that he had driven to several locations, other than his home and his place of work, without first notifying probation officers.

Later, the State again amended the July 22, 2013 petition, alleging that Rivera had tested positive for methamphetamine a second time and had also tested positive for ecstasy, in violation of both the terms of probation and the rules of the sex offender management program. A report attached to the second amended petition indicated that Rivera had appeared at a sex offender management meeting in a disoriented state,

4

claiming that a murder had occurred at his apartment building. Officers found no evidence of a murder, and after he submitted to a drug screen they found methamphetamine and ecstasy in his system.

During a January 16, 2014 hearing, Rivera admitted that he had violated the terms of probation and the rules of the sex offender management program as alleged by the State. He specifically admitted that he had consumed methamphetamine and ecstasy and that he had driven to unauthorized locations.

The trial court held a dispositional hearing on March 13, 2014. After hearing evidence and argument, the court sentenced Rivera to serve seven years of his previously suspended sentence, minus credit for time served. The court further ordered that Rivera would resume probation and sex offender monitoring upon his release from incarceration. This appeal followed.

DISCUSSION AND DECISION

Rivera claims that the seven-year sentence is an abuse of discretion because he admitted to the violations, acknowledged his substance abuse problems, and requested treatment.

A defendant is not entitled to serve a sentence in a probation program; rather, such placement is a matter of grace. *Jenkins v. State*, 956 N.E.2d 146, 148 (Ind. Ct. App. 2011), *trans. denied*. If a trial court determines that a probationer has violated a term of probation, the court may impose one or more of the following sanctions:

(1)     Continue the person on probation, with or without modifying or enlarging the conditions.

5

>  (2)   Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
>  (3)   Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h) (2012). Subject to these statutory guidelines, a trial court's sentencing decision for a probation violation is reviewable using the abuse of discretion standard. *Brandenburg v. State*, 992 N.E.2d 951, 953 (Ind. Ct. App. 2013), *trans. denied*. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

Here, the record reflects that Rivera received a substantial opportunity in being permitted to serve one-third of his sentence on probation, instead of facing a longer executed sentence for his brutal crimes. Instead of taking advantage of the opportunity to reform, Rivera repeatedly violated the terms of probation and the rules of the sex offender management program. For his first violation, missing scheduled probation appointments, the court imposed a relatively restrained sentence of ten days. For the second violation, missing another scheduled probation appointment, the court imposed a longer sentence of ninety days. Probation officials and the trial court hoped the ninety-day sentence would induce Rivera to comply with the rules. Tr. pp. 13, 35.

Rivera continued to ignore opportunities for him to correct his behavior that were extended by the court. Instead, his violations became more severe, escalating from missing probation appointments to using controlled substances and violating the terms of the sex offender management program by going places without prior authorization. Rivera's probation officer considered Rivera's unauthorized movements to be a "major

6

violation" because it is important to track a sex offender's location. *Id.* at 17. In addition, use of controlled substances is a criminal offense in addition to a violation of the terms of probation and the rules of the sex offender management program.

Rivera's probation officer stated that because Rivera had failed to benefit from substance abuse classes and sex offender management and supervision, she had no other services to offer him to encourage his rehabilitation. She concluded that he was unlikely to be successful in further probation and presented a danger to the community.

Rivera has demonstrated an unwillingness to comply with the terms of probation and the sex offender management program. Even with this extensive evidence, the court declined the State's request to impose the full suspended sentence upon Rivera, ordering him to serve seven rather than ten years. Under these circumstances, we cannot conclude that imposing a seven-year sentence amounts to an abuse of the sentencing discretion granted to the trial court. *See Wilkerson v. State*, 918 N.E.2d 458, 464 (Ind. Ct. App. 2009) (no abuse of discretion in imposing entire previously-suspended sentence where probationer was found to have possessed a controlled substance).

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

NAJAM, J., and CRONE, J., concur.