**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 11 2014, 10:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STACY R. ULIANA**
Bargersville, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

BENJAMIN T. HAINES,                )
                                   )
    Apellant-Plaintiff,        )
                                   )
      vs.                    )    No. 01A02-1407-CR-454
                                   )
STATE OF INDIANA,                  )
                                   )
    Appellee-Defendant.        )

APPEAL FROM THE ADAMS CIRCUIT COURT
The Honorable Chad E. Kukelhan, Judge
Cause No. 01C01-0605-FC-14

**December 11, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

On June 19, 2006, Benjamin Haines ("Haines") pleaded guilty to three counts of Class C felony dangerous control of a firearm. The trial court sentenced Haines to an aggregate term of eighteen years, with twelve years executed in the Department of Correction and six years suspended to probation. Haines was released on probation in September 2011. After Haines missed an appointment with his probation officer and refused to provide a urine screen sample, the trial court revoked his probation and ordered him to serve his previously suspended sentence.

Haines now appeals the trial court's revocation of his probation, arguing that the State failed to provide sufficient evidence to support the revocation and that the trial court abused its discretion by ordering him to serve his previously suspended sentence.

We affirm.

**Facts and Procedural History**

On June 19, 2006, Haines pleaded guilty to three counts of Class C felony dangerous control of a firearm. On July 10, 2006, the trial court sentenced Haines to six years for each count, with four years for each count to be executed in the Department of Correction and two years suspended to probation. The trial court ordered that the sentences be served consecutively, for an aggregate term of eighteen years with twelve years executed and six years suspended to probation. Haines was released on probation on September 19, 2011. One of the terms of Haines's probation required that he "report to the probation department . . . at such times and places as shall be directed by the department." Appellant's App. p. 48. Another of Haines's probation terms required him

2

to "refrain from the use of all forms of drugs and prohibited substances except those prescribed by a physician" and to "submit to tests to determine if you have violated this rule with said tests to be administered at your expense, at the direction of your Probation Officer." Appellant's App. pp. 47, 51. Haines's probation conditions also provided:

> (C) Alcohol and drug tests: I further agree to submit to one or more of the following tests upon request: urinalysis, alco-sensor, any blood or breath test, or any other test to determine compliance with these rules. I will take these tests as ordered by a probation officer, a law enforcement officer, or the Court. Possession by me of alcohol or any drug not prescribed by a physician or the presence of the same as determined by any of the above tests, shall be deemed a violation of probation.
>
> (D) Refusal to take test: I realize that any refusal by me to submit to urinalysis, alco-sensor, blood test or breath test as well as any other test, or tampering by me with any urine, blood or breath sample shall be deemed a violation of the terms of my probation.

Appellant's App. p. 51. Haines signed an acknowledgement that he had read and agreed to these conditions. Haines was specifically warned that failure to attend appointments with his probation officer or the violation of any of the terms of probation could result in the court ordering that he serve all or part of his suspended sentence.

Approximately one and one-half years into his ten-year probation term, on March 13, 2013, Haines missed an appointment with his probation officer, Jean Franz ("Officer Franz"). Approximately two weeks later, on March 26, 2013, Adams County Probation Department Officer Kelly Bollenbacher ("Officer Bollenbacher") learned that Haines had been arrested after Wells County law enforcement officers discovered marijuana inside Haines's residence while serving an arrest warrant. Officer Bollenbacher contacted the Adams County jail where Haines was being held and asked Sergeant John Smitley

3

("Sergeant Smitley") to request a urine screen sample from Haines. Sergeant Smitley notified Haines that "Kelly Bollenbacher of Probation" had requested a urine sample from Haines, but Haines refused to provide one, arguing that Bollenbacher was not his probation officer. Tr. p. 34. Sergeant Smitley requested a urine sample from Haines again the next day. Haines again refused to provide a sample.

On March 28, 2013, the State filed a petition alleging that Haines had violated the terms of his probation by missing an appointment with his probation officer and by being charged with additional crimes.[1] Four days later, on April 1, 2013, the State filed a second violation of probation petition that alleged that Haines refused to provide a urine sample when asked to do so by Officer Bollenbacher. The State filed a third violation of probation petition on September 30, 2013, alleging that Haines violated criminal laws.[2]

The trial court held a fact-finding hearing on May 28, 2014. At the hearing, Haines requested a continuance due to the discovery of new evidence. The trial court granted Haines's request, in part, and continued the matter as to the new charges against Haines, but proceeded with the fact-finding hearing regarding Haines's alleged probation violations. At the end of the hearing, the trial court found that Haines had violated the terms of his probation by missing his appointment with his probation officer and by refusing to provide a urine sample. The trial court revoked Haines's probation and ordered him to serve the six-year suspended sentence.

---

[1] On March 26, 2013, Haines was charged with Class D felony resisting law enforcement, Class B misdemeanor reckless driving, and Class B misdemeanor criminal mischief.

[2] On September 20, 2013, Haines was charged with Class D felony possession of marijuana, Class C felony receiving stolen property, and four counts of Class B felony unlawful possession of a firearm by a serious violent felon.

Haines now appeals.

## I. Sufficiency of the Evidence

Haines argues that there was insufficient evidence for the trial court to revoke his probation. When the sufficiency of evidence is challenged, we will neither "reweigh the evidence nor reassess witness credibility." Whatley v. State, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). Rather, we look to the evidence most favorable to the State and affirm the judgment if "there is substantial evidence of probative value supporting revocation." Id. The State's burden of proof regarding alleged probation violations is proof by a preponderance of the evidence. Id.

Here, the trial court revoked Haines's probation because he did not comply with the terms of his probation that required him to attend all meetings with his probation officer and to submit to urine screens. Haines argues that the trial court erred by revoking his probation because there is an ambiguity in the terms of his probation as to whether he was required to submit to drug tests "ordered by *a* probation officer" or "directed by *your* probation officer." Appellant's Br. at 7 (emphasis in original). He argues that his probation officer was Officer Franz and that his probation terms did not require him to submit a urine sample at the request of Officer Bollenbacher.

We begin by noting that violation of a single condition of probation is sufficient to revoke probation. See Baxter v. State, 774 N.E .2d 1037, 1044 (Ind. Ct. App. 2002), trans. denied. The trial court in this case found that Haines had violated his probation by failing to submit to a urine screen, as ordered. The fact that one of the terms of Haines's probation requires him to submit to urine screens "ordered by *a* probation officer" and

5

another requires him to submit to urine screens as "directed by *your* probation officer" does not mean that Haines was free to refuse to provide a urine sample to any probation officer other than Officer Franz. Appellant's App. pp. 47, 51. We therefore conclude that the evidence was sufficient to show that Haines violated the terms of his probation by failing to submit a urine sample at the request of Officer Bollenbacher.

## II. Abuse of Discretion

Haines next argues that the trial court abused its discretion in revoking his probation by (1) failing to issue an "oral or written statement explaining why revocation of the full six years of Haines' sentence was a reasonable punishment for Haines' commission of two technical violations" and (2) ordering him to serve the full suspended sentence based on "two technical violations." Appellant's Br. at 9-10.

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Id.; see also Ind. Code § 35-38-2-3(a). Indeed, violation of a single condition of probation is sufficient to revoke probation. Gosha v. State, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007).

Where a trial court has exercised its grace by granting a defendant probation in lieu of incarceration, it has considerable leeway in deciding how to proceed where the defendant then violates the conditions of his probation. Prewitt, 878 N.E.2d at 188. Thus, the sanction imposed by the trial court upon a finding of a probation violation is reviewed on appeal for an abuse of discretion. Brandenburg v. State, 992 N.E.2d 951

6

(Ind. Ct. App. 2013), <u>trans. denied</u>. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. <u>Id</u>. Although the court has several alternative sanctions it may impose where it has found that a defendant has violated his probation, one of those sanctions is to order execution of the sentence that was previously suspended. <u>Id</u>.; <u>see also</u> Ind. Code § 35-38-2-3(h).

Here, the trial court stated:

> Mr. Haines, I am going to find by a preponderance of the evidence that you did violate your probation by failing to attend your probation appointment on March 13, 2013. I'll find that you were given notice of that [meeting] and you did not call nor did you attend that meeting. I'll also find that you refused or failed to submit to a urine screen upon request for a minimum of twenty-four hours and that said urine screen is part of your probation rules that you are to provide a urine screen when asked.

Tr. p. 70. Although the trial court issued no written statement regarding its reasoning and the evidence relied upon in its determination that Haines violated the terms of his probation, the court's verbal statement provided clear and adequate reasoning for the trial court's decision to revoke Haines's probation. <u>See</u> <u>Wilson v. State</u>, 708 N.E.2d 32, 33-34 (Ind. Ct. App. 1999) (stating due process requires a written statement by the fact-finder regarding the evidence relied upon and the reasons for revoking probation; however, a trial judge's oral statement, if it contains the facts relied upon and reasons for revocation, and is reduced to writing in the transcript of the hearing, is sufficient to satisfy this requirement). We therefore find no abuse of discretion here.

As to Haines's claim that the trial court abused its discretion in revoking the entire six-year suspended sentence because of "at most two technical violations," we disagree.

7

Failing to attend probation appointments and refusing to provide a urine sample requested by a probation officer were clear, substantive violations of the terms and conditions of probation that Haines agreed to. Therefore, based on the record before us, we conclude that the trial court did not abuse its discretion by ordering Haines to serve his previously suspended six-year sentence in the Department of Correction.

## Conclusion

For all of these reasons, we affirm the trial court's revocation of Haines's probation.

NAJAM, J. and BRADFORD, J. concur.