# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 17 2016, 5:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gary A. Cook
Peru, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brian Raber, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 17, 2016 <br><br> Court of Appeals Case No. <br> 34A05-1512-CR-2291 <br><br> Appeal from the <br> Howard Superior Court <br><br> The Honorable William C. Menges, Jr., Judge <br><br> Trial Court Cause No. <br> 34D01-0910-FD-921, <br> 34D01-0912-FB-1097 |

**Altice, Judge.**

**Case Summary**

[1] Brian Raber appeals from the trial court's order revoking his probation. Raber argues that the trial court abused its discretion when ordering him to serve the remainder of his suspended sentences in the Department of Correction (DOC).

[2] We affirm.

## Facts & Procedural History

[3] On May 5, 2010, Raber pled guilty to class D felony invasion of privacy under cause number 34D01-0910-FD-00921 (FD-921) and class B felony dealing in methamphetamine under cause number 34D01-0912-FB-01097 (FB-1097). That same day, the trial court sentenced Raber to eighteen months incarcerated with twelve months suspended to probation for the class D felony invasion of privacy. For the class B felony dealing in methamphetamine, the trial court sentenced Raber to fifteen years incarcerated with six years suspended to probation. The trial court ordered Raber to serve these sentences consecutively.

[4] Soon after being released from the DOC, Raber violated his probation in June 2014 and was ordered to serve 160 days of his suspended sentence in FB-1097 in the DOC. Shortly thereafter, Raber again violated his probation by not complying with the conditions of the in-home detention agreement. As a result of this second violation, Raber was ordered to serve 455 days of his suspended sentence in FB-1097 in the DOC, which essentially amounted to time served while awaiting his probation violation hearing.

[5] On April 22, 2015, Raber reported to the probation department in connection with FB-1097 and FD-921. While there, he admitted overdosing on heroin. On May 20, 2015, the probation department conducted a home visit at Raber's residence. At that time, he admitted violating his probation by using methamphetamine and heroin. The next day, Raber was unable to provide a urine drug screen at the probation department and asked if he could just "sign an admission statement admitting that [he] would be positive for meth and heroin." *Transcript* at 10. On June 16, 2015, Raber failed to report to his probation officer. Two weeks later the State filed a petition to revoke Raber's probation in both FB-1097 and FD-921.

[6] On October 28, 2015, the trial court held a combined hearing on the revocation petitions. At the hearing, Raber admitted that he violated probation as alleged. The trial court reconvened on November 18, 2015, at which time it issued the following:

> I agree that Mr. Raber is an addict and he may want treatment but he certainly hasn't proved it so far. He's done everything he could to avoid going to treatment . . . . Accordingly, I'm going to order the balance of his suspended sentence in connection with Cause Number F[B]-1097, which I find to be 1,575 days executed. . . . I'm going to order the balance of his suspended sentence which the court finds to be 365 days in connection with Cause Number FD-921, be executed. . . . The sentences in this case are consecutive.

*Id.* at 16.

[7] Raber now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[8] Raber argues that the trial court abused its discretion in ordering him to serve the remainder of his suspended sentences under FB-1097 and FD-921. Our Supreme Court has explained that "[p]robation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court "determines the conditions of probation and may revoke probation if the conditions are violated." *Id.* Further, when a trial court has exercised its grace by granting probation in lieu of incarceration, it has "considerable leeway in deciding how to proceed" when a probation violation occurs. *Id.*

[9] Additionally, "a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Brandenburg v. State*, 992 N.E.2d 951, 953 (Ind. Ct. App. 2013). An abuse of discretion occurs where "the decision is clearly against the logic and effect of the facts and circumstances." *Id.* Although the court has several alternative sanctions it may impose where it has found that a defendant has violated probation, one of those sanctions is to order execution of all or part of the sentence that was suspended at the time of initial sentencing. *Id.*; *see also* Ind. Code § 35-38-2-3-(h)(3).

[10] Here, there was overwhelming evidence to support the revocation of Raber's suspended sentences. The record establishes that Raber violated his probation in June 2014, August 2014, and again in April through June 2015. All of these violations occurred within a year of being released from the DOC. The trial

court afforded leniency to Raber for his previous violations by ordering executed only a portion of his previous suspended sentence. Raber claims that his drug addiction and emotional issues are medical issues that should be considered by the trial court. However, Raber squandered each opportunity he was given by continuing to use drugs and violating the conditions of his probation.

[11] The trial court noted that Raber is an addict and that although "he may want treatment . . . he certainly hasn't proved it so far." *Transcript* at 16. It was within the trial court's discretion to revoke the suspended sentences. Raber has not demonstrated that the trial court abused its discretion in ordering that he serve his suspended sentences under FB-1097 and FD-921 in the DOC.

[12] Judgement affirmed.

[13] Bradford, J. and Pyle, J., concur.