## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 17 2018, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph J.G. Fuernstein, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 17, 2018 <br><br> Court of Appeals Case No. <br> 15A04-1711-CR-2769 <br><br> Appeal from the <br> Dearborn Circuit Court <br><br> The Honorable <br> James D. Humphrey, Judge <br><br> Trial Court Cause No. <br> 15C01-1501-F5-7 |

**Kirsch, Judge.**

[1] Joseph J.G. Fuernstein ("Fuernstein") appeals the sentence imposed by the trial court following the revocation of his probation, contending that the trial court

abused its discretion when it ordered him to serve three years of his previously-suspended four-year sentence in the Indiana Department of Correction ("DOC") without allowing him to participate in the Purposeful Incarceration Program ("Purposeful Incarceration").[1]

[2] We affirm.

## Facts and Procedural History

[3] On July 2, 2015, Fuernstein and the State entered into a negotiated plea agreement, which addressed Fuernstein's five-count information on drug-related charges. That same day, the trial court approved Fuernstein's plea agreement and, in accordance therewith, sentenced him to six years on his conviction for Level 5 felony dealing in a narcotic drug, with four years suspended to probation, and dismissed the remaining charges. *Appellant's App. Vol. II* at 67. Terms of Fuernstein's probation included that he not commit another criminal offense, not use illegal controlled substances, report to his probation officer as directed, and submit to a substance abuse evaluation and comply with all treatment recommendations. *Id.* at 67-70. Soon after Fuernstein was placed on probation, he committed several violations, including misdemeanor driving offenses in Ohio, testing positive for cocaine, failing to

---

[1] Placement in the Purposeful Incarceration Program at the DOC includes an "intensive substance abuse treatment" component. *See* http://www.in.gov/idoc/2798.htm (last viewed on Apr. 5, 2018). This program "supports the [DOC] and the Judiciary to get addicted offenders the treatment that they need and work collaboratively to support their successful re-entry into society." *Id*.

comply with substance abuse treatment, and failing to report to Ohio Parole as directed. *Id*. at 79, 82. The State requested a hearing on the alleged probation violations.

[4] At an August 29, 2017 evidentiary hearing, Fuernstein admitted to having violated his probation. *Id*. at 86. A disposition hearing was held on October 30, 2017, during which the parties agreed that a sanction of three years of incarceration was appropriate for Fuernstein's violations and that further probation would be terminated. *Tr. Vol. II* at 5. As part of his sentence, Fuernstein requested Purposeful Incarceration so that he could address his substance addiction. *Id*. at 4-5. The State did not recommend that Fuernstein participate in Purposeful Incarceration, but agreed to leave that determination to the trial court's discretion. *Id*. at 5-6. Fuernstein's probation officer agreed that Fuernstein had a substance abuse problem but said that Fuernstein was not the proper candidate for Purposeful Incarceration. *Id*. at 6. The trial court revoked Fuernstein's probation, denied his request to be placed in Purposeful Incarceration, and ordered him to serve three years of his previously-suspended four-year sentence in the DOC, with future probation terminated. Fuernstein now appeals.

## Discussion and Decision

[5] We begin by noting that probation revocation is a two-step process. *Johnson v. State*, 62 N.E.3d 1224, 1229 (Ind. Ct. App. 2016) (citing *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008)). First, the trial court "must make a factual

determination that a violation of a condition of probation actually occurred." *Id.* (citing *Woods*, 892 N.E.2d at 640). Second, if a violation is proven, "then the trial court must determine the appropriate sanctions for the violation." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). Here, Fuernstein does not challenge the trial court's finding that he violated the terms of his probation. Instead, he contends that the trial court abused its discretion by imposing the sanction of serving three of the previously-suspended four years of probation in the DOC without allowing him to participate in Purposeful Incarceration.

[6] "We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion." *Johnson*, 62 N.E.3d at 1229. "An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court." *Id.* at 1230. A trial court has "considerable leeway in deciding how to proceed" when a defendant violates probation. *Brandenburg v. State*, 992 N.E.2d 951, 953 (Ind. Ct. App. 2013) (citing *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)), *trans. denied*. It may (1) continue the defendant on probation; (2) extend the probationary period for not more than one year beyond the original period; or (3) order all or part of a previously-suspended sentence to be executed. Ind. Code § 35-38-2-3(h). "'However, even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation.'" *Johnson*, 62 N.E.3d at 1229 (quoting *Woods*, 892 N.E.2d at 640).

[7]     Here, where the State and Fuernstein agreed that he would serve three years of his previously-suspended four-year sentence in the DOC, Fuernstein's appellate challenge is to the trial court's denial of his request to be placed in Purposeful Incarceration. Purposeful Incarceration is a project with the Indiana Court Systems, through which the DOC "works in collaboration with Judges who can sentence chemically addicted offenders and document that they will 'consider a sentence modification' should the offender successfully complete [a DOC] Therapeutic community." *Marley v. State*, 17 N.E.3d 335, 338 n.1 (Ind. Ct. App. 2014) (quoting http://www.in.gov/idoc/2798.htm (last viewed on Apr. 5, 2018)), *trans. denied*.

[8]     During the disposition hearing, Fuernstein expressed a desire to both participate in Purposeful Incarceration and have language added to his abstract of judgment noting that the trial court would "consider a possible [sentence] modification at a later time." *Tr. Vol. II* at 5. The State responded, saying:

> The State is agreeable to revoking three years and terminating probation in this cause. The State would not be recommending purposeful incarceration and would leave it to the Court's discretion. The State's concern is [the] nature of the underlying charge, which is dealing in a narcotic drug and the multiple of the violations [sic] which started, frankly, immediately upon his release, and some of which is alleged, and now is admitted to, was that between being released in February of '17 [he] did not comply with substance abuse treatment, which is what he's asking the Court here for today.

*Id*. at 5-6. Fuernstein's probation officer added:

> Your Honor, we have no objection to the Court indicating substance abuse treatment on the abstract, just as a recommendation, but I also agree with [the State]. You know, we're not seeking any type of a modification of sentence as a result of Mr. Fuernstein completing a program within the Department of Corrections. However, I don't think there's any question that there is a substance abuse issue here and we would like to see him receive some type of treatment while he is in the [DOC] and, if that is indicated on the abstract, whatever level of substance abuse treatment that he receives when he's in [the DOC] would be up to them at that point, but there would be no recommendation for modification of his sentence, Your Honor, even if they did place him in purposeful [sic] and he filed a motion with this Court. We would not be in agreement with that.

*Id*. at 6.

[9] Fuernstein's ex-wife, Devon, was the only person who testified during the disposition hearing. She explained that, following a failed surgery, Fuernstein had become addicted to opiates to manage the pain in his back. Fuernstein's addiction caused him to become depressed and withdraw from Devon and their children, and the couple's marriage broke up. *Id.* at 8. Devon testified that she had known Fuernstein for years, and, when sober, he was a great man, a great father, and one of her best friends. *Id*. at 9. When asked if Fuernstein would benefit from Purposeful Incarceration, Devon said that she hoped he would. *Id*. She then said, "I don't know. There are things that I thought he should have done when he was out last time that he didn't do for whatever reason and I don't know those reasons. That's on him." *Id*.

[10] At the close of the disposition hearing, the trial court accepted the parties' agreement that Fuernstein serve three years in the DOC and that probation following his sentence be terminated. As support for that decision, the trial court noted Fuernstein's criminal history as outlined in his PSI, "the basis for [his] violation and the timing of the violation that we have here," and his "lack of cooperation with Ohio Parole authorities." *Id*. at 12. Most significant to the trial court's consideration was Devon's statement that it was time for Fuernstein "to take responsibility and to grow up." *Id*. The trial court noted:

> Sometimes people come into this courtroom in cases like this and they think that the best thing to do is to take the easy way out. I think that is a mistake, especially in a case like this. So, I'm denying the request for purposeful incarceration, because I am concerned, based upon what I've heard here today, that Mr. Fuernstein's going to use that as an excuse for an early out. Early out is not what we're seeking here today. We're trying to seek a way to get this addressed and to get it dealt with. I will recommend that Mr. Fuernstein be considered for appropriate counseling while he is in the [DOC]. I will put that in the sentencing order and in the abstract. But the purposeful incarceration, on the issue of modification, that I will not accept.

*Id*. at 12-13.

[11] Here, the trial court took into consideration Devon's testimony and the statements of both the State and Fuernstein's probation officer, and it denied Fuernstein's request to participate in Purposeful Incarceration. The trial court's determination that Fuernstein serve three years in the DOC with "substance abuse treatment," but without participation in Purposeful Incarceration is not

clearly against the logic and effect of the facts and circumstances. *Appellant's App. Vol. II* at 90.

[12]     Affirmed.

[13]     Baker, J., and Bradford, J., concur.